IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs.   ) | No. CR-07-286-C |
| ) | |
| MARKICE LAVERT McCANE, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Defendant has filed a motion to quash and dismiss the indictment entered against him for being a felon in possession of a firearm. The single count of the indictment alleges that Defendant violated 18 U.S.C. § 922(g)(1) by knowingly and intentionally possessing a firearm and ammunition "which were in and affecting interstate commerce in that the firearm and ammunition had previously crossed state lines to reach the state of Oklahoma." (See Indictment, Dkt. No. 1, at 2.) Specifically, Defendant argues that the grand jury was not presented with adequate evidence that the firearm at issue was in or affecting interstate or foreign commerce and thus the grand jury could not have found the necessary basis for returning the bill of indictment. (See Def.'s Br., Dkt. No. 15, at 2, 4.)

Defendant's argument is unavailing, because he does not actually challenge the sufficiency of the indictment, but rather the substance or quantity of evidence the grand jury relied upon in reaching its conclusion. It is well established that a facially valid indictment "is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence." United States v. Radetsky, 535 F.2d 556, 565 (10th Cir. 1976)

(citing Costello v. United States, 350 U.S. 359, 363 (1956)), abrogated on other grounds by United States v. Daily, 921 F.2d 994 (10th Cir. 1990).  There is a clear proscription against the Court reviewing an indictment based on incompetent or unreliable evidence.  See United States v. Williams, 504 U.S. 36, 54-55 (1992); United States v. Todd, 446 F.3d 1062, 1068 (10th Cir. 2006) ("On a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense.  For the most part, that question does not involve any examination of the evidence." (citations omitted)).  Because Defendant challenges the evidentiary support for the grand jury's conclusion rather than the sufficiency of the indictment itself, there is no basis for the Court to quash or dismiss the indictment against him.

Even if the Court were to consider Defendant's arguments, his allegation that the evidence presented to the grand jury comprised "inadequacy coupled with . . . mis[]direction" would be unavailing.  (See Def.'s Br. at 6.)  First, Defendant argues that there is a lack of evidence for the assertion of Mike Homan, the Oklahoma City Police Department detective who gave testimony to the grand jury, that "the gun was imported into Florida out of, from out of our country."  To the contrary, Detective Homan's testimony was based on a forensic report by a ballistic expert stating the "the importer/exporter was F.I.E. of Florida."  (See Def.'s Br. at 2; Gov't's Resp., Dkt. No. 23, at 3 & Ex. 1, Firearms Examinations Report.) Whether or not the firearm was imported into the United States, however, Defendant does not contest that the firearm crossed a state line to reach Oklahoma and thus was in or

affecting interstate commerce as required by 18 U.S.C. § 922(g)(1).  Second, both parties agree that Detective Homan testified that "Ron Jones" was the ballistic expert who examined the firearm and prepared the report, but the report is actually signed by "Deion P. Christophe."  (See Def.'s Br. at 4-5; Gov't's Resp. at 6 & Ex. 1.)  This misstatement is immaterial; Detective Homan's testimony was based on the report's substance, not on the identity of its preparer.

## CONCLUSION

As discussed herein, Defendant's motion to quash and dismiss the indictment (Dkt. No. 14) is DENIED.

IT IS SO ORDERED this 19th day of May, 2008.

_/s/ Robin J. Cauthron_
ROBIN J. CAUTHRON
United States District Judge